IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

MICHAEL MOMENT, # 371-430            *

Petitioner,                          *

v.                                   *   Civil Action No. WDQ-14-3039

JOSEPH P. MORGAN, Warden, et al.*

Respondents.                         *
                                   * * *

MEMORANDUM

Respondents' seek dismissal of this 28 U.S.C. § 2254[1] Petition for Writ of Habeas Corpus, arguing that the claims presented are not cognizable on federal habeas review and have not been exhausted by fully presenting each claim to the state courts. ECF No. 5. Petitioner Michael Moment, *pro se*, has filed an opposition. ECF No. 7. No hearing is necessary. Local Rule 105.6 (D. Md. 2014). For the following reasons, the Court will dismiss the Petition without prejudice for failure to exhaust administrative remedies and deny a Certificate of Appealability.[2]

I.   Background

---

[1] Under 28 U.S.C. § 2254 (2012), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

[2] Moment has also filed a Motion to Proceed *in Forma Pauperis*, ECF No. 2, which this Court shall grant by separate Order.

In August 2011, a jury sitting in the Circuit for Montgomery County convicted Moment of multiple counts of intimidating or corrupting an officer of the court and threatening a state official. ECF Nos. 5, 5-1, 5-2, 5-5. On November 7, 2011, the Circuit Court sentenced Moment to serve five years of incarceration, to be followed by five years of probation. *See id.*

Moment filed a direct appeal to the Court of Special Appeals of Maryland, requesting review of three claims:

1. Did the trial court err in failing to conduct a competency evaluation as required by statute?

2. Did the trial court commit plain error by allowing the State to repeatedly elicit and introduce prejudicial and inadmissible evidence throughout the trial?

3. Was the evidence legally insufficient to support Appellant's convictions?

ECF Nos. 5, 5-2 at 2; *see also* ECF Nos. 5-3, 5-4, 5-5.

By an August 19, 2013 unreported opinion, the Court of Special Appeals affirmed the judgment of conviction. ECF No.5-5. On March 27, 2014, the Court of Appeals of Maryland granted Moment's Petition for a Writ of Certiorari, and the matter was remanded to the Court of Special Appeals for further consideration. *See id.* On May 12, 2014, the Court of Special Appeals issued a second opinion affirming Moment's judgment of conviction. *Id.* Moment's appellate counsel filed a Petition for

a Writ of Certiorari, asking the Court of Appeals to review the intermediate appellate court's resolution of the competency question. ECF No. 5-6. In a separately filed *pro se* petition, Moment asked the Court of Appeals to review issues not previously raised in his direct appeal. *Id*. On August 28, 2014, both requests for further review were denied. *Id*.

On March 5, 2012, Moment initiated post-conviction proceedings in the Circuit Court for Montgomery County. ECF No. 5-1, Docket Entry 169. Moment states in his § 2254 Petition that he has raised the following claims in his Petition for State Post-Conviction relief:  1) the prosecution and the trial judge did not have jurisdiction over his case, and 2) the prosecution tampered with evidence to obtain his conviction. ECF No. 1 at 4.

In August 2012, the Circuit Court for Montgomery County transferred venue to the Circuit Court for Prince George's County for hearing purposes. ECF No. 5-1, Docket Entries 173, 183. On September 10, 2014, the defense requested a hearing in the case. Reference to the Maryland Judiciary Case Search website indicates a hearing date has yet to be scheduled.[3]   ECF No. 1 at 4.

---

[3] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=117643C&loc=68&detailLoc=MCCR.

II.   Analysis

    A.   Cognizability of Moment's Claims

Moment contends that he is being detained in state custody illegally because: 1) "The Assistant State's Attorney lack jurisdiction"; (2) "The trial judge lack jurisdiction"; (C) "The state prosecutor tamper with evidence"; and (D) "Did the trial court violate Petitioner due process." ECF No. 1 at 5-6. Respondents argue the Petition should be dismissed because the claims presented are not cognizable on federal habeas review.

The federal habeas statute authorizes a federal court to entertain a state prisoner's habeas petition "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Absent violation of a Federal constitutional right, a habeas petitioner fails to state a cognizable claim for relief. *Wilson v. Corcoran*, 131 S. Ct. 13, 14 (2011) (per curiam)("Federal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law."); *Spencer v. Murray*, 18 F.3d 237, 239-40 (4th Cir. 1994) (no federal claim was stated when petitioner complained about the admissibility of evidence, without citing any constitutional provision or mentioning any constitutional right that was infringed,).

None of Moment's claims alleges abridgement of a constitutional right or federal law.  Notably, it appears his

due process claim is premised on a violation of Maryland law, not federal law. In habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Cagle v. Branker*, 520 F.3d 320, 324 (2008). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 480. A violation of state law that does not infringe upon a specific constitutional right is not cognizable on federal habeas review unless it amounts to "fundamental defect which inherently results in a complete miscarriage of justice." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). However, in light of Moment's *pro se* status, the Court shall liberally construe his pleadings. *See e.g. Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (pleadings filed by a *pro se* litigant are held "to less stringent standards than formal pleadings drafted by lawyers"). Accordingly, Moment has alleged cognizable claims.

    B.    Exhaustion

Before a prisoner may file a Petition for habeas relief in federal court, he must exhaust each claim presented to the federal court through remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509 (1982). The exhaustion requirement

"is rooted in considerations of federal-state comity," and in the Congressional determination reflected in the federal habeas statutes "that exhaustion of adequate state remedies will best serve the policies of federalism." *Preiser v. Rodriguez*, 411 U.S. 475, 491-92 & n.10 (1973)(internal quotation marks and citation omitted). The purpose of the exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Thus, exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S. 364, 365 (1995). This requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(b)(1)(a) and (c) (setting forth exhaustion requirement); *Gray v. Netherland*, 518 U.S. 152, 161-66 (1996); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).

For a person convicted of a criminal offense in Maryland, exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals, and then to the Maryland Court of Appeals by way of a petition for writ of

certiorari.  *See* Md. Code Ann., Cts. & Jud. Proc. §§ 12-201, 12-301 (West 2010).

If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals.  Md. Code Ann., Cts. & Jud. Proc. §12-302(e).  If the Court of Special Appeals denies the application, there is no further review available, and the claim is exhausted.  Md. Code Ann., Cts. & Jud. Proc. § 12-202.  However, if the application is granted but relief on the merits of the claim is denied, a petitioner must file a Petition for Writ of Certiorari to the Court of Appeals.  *Williams v. State*, 292 Md. 201, 210-11 (1981).

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals.  Md. Code Ann., Crim. Proc. § 7-109.  If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted.  Md. Code Ann., Cts. & Jud. Proc. § 12-202.  However, if the application is granted but relief on the merits of the claim is denied, a petitioner must file a Petition for Writ of Certiorari to the Court of Appeals.  *Williams*, 292 Md. at 210-11.

None of the claims raised in this federal habeas petition have been presented to all appropriate courts. As discussed above, these claims are pending before the Circuit Court of Prince George's County. Moment's reply attempts to address his claim on the merits, and is nonresponsive to Respondents' assertions of exhaustion and lack of cognizability. ECF No. 7.

Accordingly, Moment's § 2254 Petition, ECF No. 1, to the extent it contains claims cognizable on federal habeas review, shall be dismissed without prejudice for lack of exhaustion. If Moment intends to pursue federal habeas relief after exhausting his claims before the State courts, he should be mindful that a one-year limitations period applies to Petitions filed under 28 U.S.C. § 2254.

C. Certificate of Appealability

A Certificate of Appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. See *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). Reasonable jurists would not find Moment's claims debatable; thus, the Court declines to issue a Certificate of

Appealability.

III. Conclusion

For these reasons, the Court will dismiss the Petition without prejudice for lack of exhaustion and finds no grounds to issue a Certificate of Appealability. A separate Order follows.

_11/25/14_
Date

_____
William D. Quarles, Jr.
United States District Judge